IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL   NO.   W-09-CR-15-ADA |
| § | |
| LINDA ASSED-VASQUEZ § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was found guilty of Possession with Intent to Distribute Methamphetamine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). The Court sentenced the Defendant to 96 months in the custody of the U.S. Bureau of Prisons, followed by a five-year term of supervised release, a $1000 fine, and a $100 special assessment. On October 30, 2015, the Defendant was released to

1

his term of supervision. On April 12, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his release and seeking a show-cause hearing as to why the Defendant's supervised release should not be revoked. The petition alleges the Defendant violated the terms of her release in the following instances:

> **Violation Number 1:** The defendant violated Standard Condition Number 1; in that, on or about October 13, 2020, the defendant travelled to the Northern District of Texas without permission of the court or probation office.
>
> **Violation Number 2:** The defendant violated Mandatory Condition Number 1; in that, on or about October 13, 2020, in Ellis County, Texas, the defendant was arrested by the Italy, Texas Police Department and charged with Possession of Controlled Substance, in violation of Texas Health and Safety Code § 481.115(d).
>
> **Violation Number 3:** The defendant violated Mandatory Condition Number 1; in that, on or about October 13, 2020, in Ellis County, Texas, the defendant was arrested by the Italy, Texas Police Department and charged with Tampering with Physical Evidence, in violation of Texas Penal Code § 37.09(c).

## II.  **FINDINGS OF THE COURT**

At the hearing, the Defendant pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1. The Defendant violated the conditions of her supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist her attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The Defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12. The Defendant understood her statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and that she be remanded to the custody of the U.S. Marshal for seven months, with no supervised release to follow. The Defendant should receive credit for time served since her arrest.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of July 2023.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE